IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE LUBRIZOL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) No. 17 C 09075 |
| v. | ) |
| | ) Hon. Virginia M. Kendall |
| OLYMPIC OIL LTD., OLYMPIC | ) |
| PETROLEUM CORPORATION, ASSIGNEE | ) |
| HOWARD B. SAMUELS, Assignee for the | ) |
| benefit of creditors of Olympic Oil Ltd., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, The Lubrizol Corporation ("Lubrizol"), sued Defendants Olympic Oil Ltd. ("Old Olympic"), Olympic Petroleum Corporation ("Olympic Petroleum"), and Howard B. Samuels as Assignee for the benefit of creditors of Olympic Oil Ltd. ("Trustee") under Illinois law for breach of contract, violations of the Illinois Uniform Commercial Code, an accounting, unjust enrichment, breach of the Agreement for Purchase and Sale ("APA"), breach of the Trust Agreement, and breach of fiduciary duty. (Dkt. No. 1.) The Trustee seeks dismissal of the counts against him for breach of the Trust Agreement (Count VIII) and breach of fiduciary duty (Count IX) asserting the failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 16.) The Court denies the motion for the following reasons. [16.]

## BACKGROUND[1]

Lubrizol, an Ohio corporation, is a chemical company that "provides technologies that improve the quality and performance of its customers' products in the global transportation,

---
[1] The Court accepts all well-pled facts alleged in the Complaint as true for the purpose of this motion. *See Vinson v. Vermillion Cnty., Ill.*, 776 F.3d 924, 925 (7th Cir. 2015). Additionally, the exhibits attached to the Complaint are incorporated into the pleading for the purpose of Rule 12(b)(6) motions. *See Thompson v. Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

1

industrial and consumer markets." (Dkt. No. 1, at ¶¶ 3, 4.) One of its product purchasers was Old Olympic – an Illinois corporation that provided packing and supply chain services, produced automotive additives, lubricants, car care products, motor oil, antifreeze, engine and fuel products, and provided automotive oil products for users around the world. (*Id*. ¶¶ 5-6, 11.) LiquidPower Specialty Products, Inc. ("LSPI")[2] is an affiliate of Lubrizol that purchased warehousing storage and operations from Delta Petroleum Company, Inc. ("Delta"), which at the time owned Old Olympic up to and until 2015. (*Id*. ¶¶ 19-20.) But, in September 2015 Old Olympic split with Delta and instructed purchase orders to be placed directly with Old Olympic. (*Id*. ¶ 21.) Unfortunately, LSPI or Lubrizol instead continued making payments totaling $92,077.70, intended for services provided by Delta, to Old Olympic between October 2015 and February 2016. (*Id*. ¶¶ 22-23.)[3] In May 2016, when Lubrizol informed Old Olympic of these payments and requested a refund, Old Olympic acknowledged receipt of the payments intended for Delta and informed Lubrizol they would set up "our payment plan later." (*Id*. ¶ 26; Ex. 7.)

Then, on July 7, 2016, Old Olympic entered into a Trust Agreement with the Trustee whereby they transferred certain of its property into the "Olympic Oil Trust" for the purpose of liquidating assets and property so as to proceed to a public sale on July 25, 2016, and to pay off outstanding creditors. (*Id*. ¶¶ 27-30.) A copy of the Trust Agreement is incorporated as attached as an exhibit to Lubrizol's Complaint and contains the following pertinent provisions:

> **WHEREAS**, OLYMPIC OIL is indebted to various persons, corporations, and other entities and is unable to pay its debts in full, has decided to discontinue its business, and is desirous of transferring *its property* to a Trustee/Assignee for the benefit of its creditors …

---

[2] In its Complaint Lubrizol identifies LSPI as "Lubrizol Specialty Products, Inc." however the Transfer and Assignment Agreement between Lubrizol and LSPI reflects the name LiquidPower Specialty Products, Inc., because of a change in the name of the company in January 2017. The Court finds them to be one and the same for the purpose of this motion.
[3] LSPI subsequently assigned any and all outstanding claims and rights with respect to the underlying payments to Lubrizol in January 2017. (Id. ¶ 23 n.1; Ex. 8.)

(Id., Ex. 1 at 1.) (Emphasis added.) And,

    A.    **<u>Creation and Object of Trust</u>**. The name of this Trust shall be the "Olympic Oil Creditors Trust," and its object shall be the orderly liquidation of the *assets and property of OLYMPIC OIL* and the distribution of the proceeds of the liquidation to creditors of OLYMPIC OIL in accordance with applicable law. OLYMPIC OIL hereby nominates and appoints Howard B. Samuels as Trustee/Assignee to carry out the purpose of this OLYMPIC OIL Trust in accordance with its terms and conditions set forth herein …

    B.    **<u>Transfer of Personal Property Assets</u>**. OLYMPIC OIL does hereby grant, convey, assign, transfer, and set over to the Trustee/Assignee … all property and assets of OLYMPIC OIL, whatever and wherever situated. The property and assets transferred shall include without limitation, all personal property, tangible and intangible, including, without limitation, all cash on hand, bonds, bank accounts, accounts receivable, … claims and causes of action.

…

    D.    **<u>Powers and Duties of Trustee/Assignee</u>**. The Trustee/Assignee shall have, <u>inter alia</u>, the following powers, rights and duties:

        1.    To sell and dispose of all secured creditors' collateral …

        2.    To pay the unsecured creditors of OLYMPIC OIL out of funds of this Trust that are not subject to any valid, subsisting, and enforceable liens or other encumbrance(s), according to the following priorities:

        (a) First, all costs and expenses incidental to the administration of the OLYMPIC OIL Trust not satisfied …;

        (b) Second … all debts owing to any governmental authority as of the date of this TRUST Agreement …;

        (c) Third, all other debts owing as of the date of this Trust Agreement and Assignment for the Benefit of Creditors that are entitled to the priority treatment and payment under applicable law;

        (d) Fourth … *all distributions to other creditors shall be, within each class, pro rata* in accordance with the terms of each creditor's indebtedness until all such debts are paid in full, plus interest at the judgment rate under Illinois law; …

(*Id.*, Ex. 1 at 1-3.) (Emphasis added.) And,

3

> K. **Assenting Creditors, Claims and the Bar Date**. Any person, corporation, limited liability company, partnership or other entity or governmental unit holding a claim against OLYMPIC OIL or the OLYMPIC OIL Trust shall become an Assenting Creditor by executing an Assent and Proof of Claim and returning it so as to be received by the Trustee/Assignee on or before the date by which general unsecured claims not entitled to priority under applicable law must submit claims so as to be entitled to participate in the proceeds of the OLYMPIC OIL Trust.

(*Id.*, Ex. 1 at 5.)

Upon learning that Old Olympic assigned its assets and liabilities to the Olympic Oil Trust, Lubrizol made numerous attempts—via phone and email—to contact the Trustee and the Acting CFO of Old Olympic to inform them of the outstanding accidental Delta payments and to request repayment in full prior to public sale. (*Id.* ¶¶ 31-33, 35.) Lubrizol also filed a "Proof of Claim" to the Trustee that incorporated the Delta payment amount on July 22, 2016. (*Id.* ¶ 34.) Regardless of these attempts at notice of the accidental Delta payments, the Trustee went forward with the public sale on July 25, 2016, and sold the assets and liabilities to Olympic Petroleum. (*Id.* ¶¶ 36-37.) Lubrizol alleges that the Trustee breached his fiduciary duty to the beneficiaries of the Trust—including Lubrizol—by failing to "properly handle and manage the Delta Payments during his liquidation of Old Olympic," and thereby also breached the Trust Agreement by failing to carry out the terms of the Trust upon receipt of a timely "Proof of Claim." (*Id.* ¶¶ 110-12; 121-23.)

## LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *Cannici v. Vill. of Melrose Park*, 885 F.3d 476, 479 (7th Cir. 2018). In doing so the complaint must contain "sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility does not mean probability: a court reviewing

a 12(b)(6) motion must 'ask itself could these things have happened, not did they happen.'" *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 832-33 (7th Cir. 2015) (citing *Swanson v. Citibank*, 614 F.3d 400, 405 (7th Cir. 2010)). In order to satisfy this pleading requirement, the plaintiff must provide enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations. *Olson v. Champaign Cnty.*, 784 F.3d 1093, 1099 (7th Cir. 2015). The Court reviews documents attached to a pleading as part thereof for all purposes "if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Indus.*, 300 F.3d 730, 735 (7th Cir. 2002). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Lubrizol alleges that the Trustee breached the terms of the Trust Agreement and, in doing so, also breached his fiduciary duty to the beneficiaries of the Old Olympic Trust. (Dkt. No. 1, at ¶¶ 36, 114-15; Dkt. No. 21, at 5-7.) As to a breach of the Trust Agreement, "[i]t is axiomatic that the limits of a trustee's powers are determined by the instrument which creates the trust." *Woolard v. Woolard*, 547 F.3d 755, 758 (7th Cir. 2008) (quoting *Stuart v. Continental Ill. Nat'l Bank & Trust Co.*, 369 N.E.2d 1262, 1271 (1977)). Lubrizol describes the purpose of the Trust to be "the liquidation of the assets and property of Old Olympic and the distribution of the proceeds of the liquidation to creditors of Old Olympic for the benefit of those creditors." (Dkt. No. 1, at ¶ 28.) They bolster this by including a complete and signed copy of the Trust Agreement, (*id.* at Ex. 1), and establish that they are—for various reasons—creditors of Old Olympic. (*Id.* at ¶¶ 23, 34, 39.) For its part, the Trustee contends that he complied by properly distributing the liquidated assets in the order and manner required under the Trust Agreement. (Dkt. No. 16, at 7-8.)

5

However in accepting the facts alleged by Lubrizol as true, the Trustee was aware that the $92,077.70 in question did not actually belong to Old Olympic at the time that he undertook his duties as trustee for the benefit of Old Olympic creditors. (Dkt. No. 1, at ¶¶ 31-33, 36, 112.) This leads to the inference that the Trustee did not comply with the terms of the Trust Agreement because his duties pertained only to the orderly liquidation and distribution of Olympic Oil "assets and property," and nothing more. And "[w]hen a trustee fails to administer a trust according to its terms, a breach of trust results." *Woolard*, 547 F.3d at 758 (quoting *Northwestern Mut. Life Ins. Co. v. Wiemer*, 421 N.E.2d 1002, 1004 (1981)). As pled, it is plausible that the Trustee did not comply with the terms of the Trust Agreement, and so the claim for breach of the Trust Agreement (Count VIII) remains intact.

To establish a breach of fiduciary duty under Illinois law a plaintiff must allege (1) a fiduciary relationship; (2) a breach of the fiduciary duty; and (3) injury resulting from the breach. *Neade v. Portes*, 739 N.E.2d 496, 502 (2000); *Nemitz v. Metropolitan Life Ins. Co.*, No. 12 C 8039, 2013 WL 3944292, at *5 (N.D. Ill. 2013) (Kendall, J.). The Trustee contends that Lubrizol has failed to sufficiently allege each of these elements. (Dkt. No. 16, at 6-7.)

The parties do not dispute the existence of a fiduciary duty and both the Seventh Circuit and Illinois law are clear that a fiduciary duty exists between an assignee and the beneficiaries of a trust. *Scanlan v. Eisenberg*, 669 F.3d 838, 843-44 (7th Cir. 2007) (citing *Paul H. Schwendener, Inc. v. Jupiter Elec. Co.*, 829 N.E.2d 818, 828 (Ill. App. Ct. 2005)). As such, a fiduciary duty exists between the Trustee and Lubrizol. Further, there is no question that Lubrizol has pled the existence of damages in that they filed a proof of a claim with the Trustee totaling $239,623.93, of which $92,077.70 was to cover the money accidentally paid to Old Olympic for the Delta payments. ((Dkt. No. 1, at ¶ 34; Ex. 12.) This leaves breach by the

Trustee as fiduciary as the only element outstanding. "Trustees have the obligation to carry out the trust according to its terms, to use care and diligence in protecting and investing trust property and to use perfect good faith." *Woolard*, 547 F.3d at 762 (quoting *McCormick v. McCormick*, 455 N.E.2d 103, 110 (Ill. App. Ct. 1983)). "The law requires that a trustee must act in good faith in the management of all matters relating to the trust, and employ such vigilance, sagacity and diligence as prudent men of intelligence ordinarily employ in their own affairs." *Id*. at 762 (quoting *Suffolk v. Leiter*, 261 Ill.App. 82 (Ill. App. Ct. 1931)). If the Court accepts as true the allegation by Lubrizol that the Trustee knew that the Delta payments did not actually belong to Old Olympic, that would certainly infer a lack of good faith in the management of matters relating to the trust and would not comport with the terms of the Trust Agreement. In assuming these facts to be true for the purpose this motion, and in accepting as support the numerous exhibits attached to its allegations, the Lubrizol Complaint plausibly sets forth a claim for breach of fiduciary duty.

## CONCLUSION

For the reasons set forth above, the Trustee's Motion to Dismiss Counts VIII and IX of the Complaint is denied.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: April 27, 2018

7